**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| **MARCUS VINICIUS ARAUJO CAMPOS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Civil Action No.** |
| **v.** ) | **26-11556-FDS** |
| ) | |
| **JERRY SCOTT AMMONS, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

**MEMORANDUM AND ORDER ON**
**PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER**

**SAYLOR, J.**

Plaintiff, a Brazilian national who has resided in the United States for roughly 30 years, seeks a temporary restraining order preventing the government from detaining him at an upcoming adjustment-of-status interview with U.S. Citizenship and Immigration Services concerning a petition for permanent residency filed on his behalf by his U.S. citizen spouse. He contends that the government has adopted an informal policy of arresting and detaining applicants at such interviews.

"The standard for issuing a TRO . . . is the same as for a preliminary injunction." *California v. U.S. Dep't of Educ.*, 769 F. Supp. 3d 72, 76 (D. Mass. 2025) (citation modified). A plaintiff must show a likelihood of success on the merits of his claim; that he is likely to suffer irreparable harm in the absence of temporary relief; that the balance of equities tips in his favor; and that the order is in the public interest. *Voice of the Arab World, Inc. v. MDTV Med. News Now, Inc.*, 645 F.3d 26, 32 (1st Cir. 2011).

Plaintiff seeks a TRO on several grounds. He contends that the government's policy of detaining noncitizens at adjustment-of-status interviews violates the Administrative Procedure Act; the doctrine of *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260 (1954); and the Fifth Amendment to the United States Constitution. (He raises a fourth ground for relief, that the government effected a change in policy that required notice-and-comment rulemaking, but that ground is a subset of the APA claim).

Unfortunately for plaintiff, the issue is not whether the government is acting unfairly, irresponsibly, or inhumanely; it is whether it is acting contrary to law. After a careful review, the Court concludes that he has not shown a likelihood of success as to any of his legal claims.

Plaintiff is not likely to succeed on his APA claim because he is not likely to show that there is in fact a final agency action that this Court may review. *See* 5 U.S.C. § 704. To be sure, as other courts have recognized, a policy need not be written down and formalized to constitute final agency action. *See R.I.L.-R v. Johnson*, 80 F. Supp. 3d 164, 174-76, 184-85 (D.D.C. 2015) (finding unwritten immigration policy to be reviewable agency action where supported by practitioner affidavits as well as being "essentially conceded" by the government). Here, however, plaintiff has not provided sufficient evidence for the Court to conclude that there is an actual policy of arresting noncitizens seeking adjustment of status at their interviews. Plaintiff has provided affidavits from several immigration practitioners in Southern California indicating that the government has arrested some noncitizens at adjustment-of-status interviews at USCIS's San Diego field office. He has also provided news articles suggesting that at least some such arrests have been made in Fresno, California; Cleveland, Ohio; and Salt Lake City, Utah. (Dkt. No. 14 at 23-119). But that is not enough to show that there is a nationwide policy concerning such arrests, that such a policy is in place in Boston, or with what frequency those seeking

adjustment of status are in fact arrested at their interviews.  And in other cases where courts have found unwritten policies reviewable under the APA, there has been significantly more evidence of the existence of the relevant policy.  For that reason, the Court finds that plaintiff is not likely to succeed on the merits of his APA claim.

Plaintiff's claim under the *Accardi* doctrine also fails, because he does not identify which DHS or USCIS regulation defendants have allegedly violated.  The *Accardi* doctrine holds that "[a]n agency has the duty to follow its own federal regulations, even when those regulations provide greater protection than is constitutionally required."  *Nelson v. I.N.S.*, 232 F.3d 258, 262 (1st Cir. 2000).  Thus, if USCIS had a rule providing that under no circumstances should noncitizens be arrested or detained at adjustment-of-status interviews, and proceeded to arrest noncitizens nonetheless, such action would violate the *Accardi* doctrine.  But plaintiffs have not identified any such regulation, and have only made broad claims about the nature of adjustment-of-status interviews being "adjudicative in nature" and not designed "to facilitate enforcement actions."  (Dkt. No. 7 at 14).  While that may be true, the *Accardi* doctrine does not apply under such circumstances.

Finally, plaintiff has not shown that he is likely to succeed on his claim that detaining noncitizens at adjustment-of-status hearings violates the Fifth Amendment.  Plaintiff contends that he "faces a credible and immediate threat of detention without prior notice or any meaningful opportunity to be heard."  (Dkt. No. 7 at 14).  But detention, even in a criminal case, need not be preceded by notice and an opportunity to be heard as long as the accused receives those protections shortly after detention.  *Cf. County of Riverside v. McLaughlin*, 500 U.S. 44, 56 (1991).  Similarly, because plaintiff would apparently be detained, if at all, under the discretionary detention provision of 8 U.S.C. § 1226(a), he would be entitled to a post-detention

bond hearing at which the government would have to prove that he is either a flight risk or a danger to the community to justify his continued detention. *Hernandez-Lara v. Lyons*, 10 F.4th 19, 41 (1st Cir. 2021). Under such circumstances, detention without first providing notice and an opportunity to be heard does not violate the Fifth Amendment.

Therefore, because plaintiff has not shown that he is likely to succeed on the merits of any of his claims, the Court will DENY the motion for a TRO at this juncture.

**So Ordered.**

/s/ F. Dennis Saylor IV

F. Dennis Saylor IV

Dated: April 7, 2026                United States District Judge